v 140385. The court will note that prior to calling the case, the court had been informed that there's an illness, and a request for continuance by the state. It's my understanding there's an objection by the defendant, is that correct? That's correct. And so the motion to continue is denied. Let it also show for the record that Justice Chapman will be participating in this case. She's not present this morning, but she will read the briefs and listen to the arguments and be fully participating in this panel. Counsel, you may proceed. May it please the Court, my name is Maggie Hine, and I represent Petitioner Mr. Jesse Wallace. This is an appeal from a second stage dismissal of a post-conviction petition. In the post-nate petition, Mr. Wallace raised issues challenging the entry of his guilty plea. The trial court determined within the records of time that Mr. Wallace had successfully stated the gist of the constitutional claim and appointed counsel. The statement filed in the motion to dismiss based entirely on the waiver, there were no amendments to the petition, and the trial court ultimately dismissed the petition after a hearing on the matter. Now the issue in this appeal is not about the underlying merit of the petition. The issue in this appeal is whether appointed counsel fulfilled his role in the PC process. In post-conviction proceedings, counsel has to provide reasonable assistance, and the Supreme Court has Rule 651C, which helps ensure both that this right is fulfilled and that there's a record that it has been fulfilled. The rule requires counsel to consult to ascertain contentions of error and deprivation of constitutional rights. Counsel has to affirm that he has examined the relevant court proceedings, and that he has made the amendments necessary for an adequate presentation of the petitioner's claims. Counsel can show that these things have happened by filing a certificate, and the certificate raises the presumption that there has been reasonable assistance. Here, there were no amendments to the post-nate petition, and there was no Rule 651C certificate filed. Now the reviewing court can review the record itself for evidence that there was substantial compliance with the rule, but where the record does not show this compliance, then the case should be sent back, and reviewing courts aren't expected to speculate on the merit of the underlying petition when there hasn't been this showing, because if there hasn't been reasonable assistance, there's no way to know what that petition may have become if reasonable assistance had been provided. Now in this case, the record fails to show substantial compliance, and I think the clearest example of this is in the duty to consult. Counsel admitted on the record that he didn't understand Mr. Wallace's claims, and he described writing to Mr. Wallace to get clarity. Now a letter is a completely reasonable way to consult with a petitioner. The problem in this case is that when Counsel described his letters, he said that he asked only about errors in the second sentencing hearing, so a sentencing that occurred after a romand. But the post-nate petition had raised errors that went to the entry of his guilty plea, so there's nothing in the post-nate petition in Rule 631C or in the Post-Conviction Hearing Act which would allow the attorney to limit his consultation to the second sentencing hearing. Wasn't there a motion to withdraw where the trial court had heard arguments on that issue before the first appeal? There was a motion to withdraw, which was not pursued in the first appeal. And I think this is a part of why the state was arguing a waiver in the trial court, although on appeal they switched to an argument of restitutacata. And I don't think the fact that these claims potentially would be waived doesn't change whether or not post-conviction counsel had a duty to talk with the petitioner about the claims. And the reality is, if there was a claim that had to do with what was raised in the motion to withdraw a guilty plea, then counsel would need to add an allegation that either direct appeal counsel was ineffective for not raising it on direct appeal, or if it wasn't properly preserved during the post-plea motions, that motion counsel was ineffective for not preserving it. And those types of amendments to get around the waiver at that second stage where it's just legal issues, those are the types of, like the Supreme Court has called them routine amendments that allow the trial court in the post-conviction proceedings to get to the merits of the claims. So you can boil it down here to the lack of reasonable assistance for post-conviction counsel to not inquire into those matters? I think you can. I think you can look just at the duty to consult and say, the record doesn't tell us that he spoke with Mr. Wallace, whether by phone, in person, or letter, about contentions of constitutional deprivation at the guilty plea hearing. That alone, you don't have that in this record. You can read it as many times as you want. That's a failure to comply with the first duty to consult to ascertain contentions of constitutional error. And then you can look to the failure to make amendments to get around the waiver arguments, which he made some arguments at the hearing that just he sort of like vaguely pointed to there might be off-record evidence. But that's not enough at this stage of proceedings. You have to actually have affidavits to support that there are off-record conversations, or you need to be alleging prior counsel ineffective in order to get yourself past waiver and into the merits of the issues. So then you look at that failure to amend despite making these affirmations, and where you don't have a certificate, this court can't simply presume that he thought about all these options, that he did, in fact, speak with Mr. Wallace about claims, but just didn't tell the court about it. There is no presumption that this occurred. If we had a certificate, this might be a different case. But where we don't have it, I don't think this court can use this record to say that there was compliance with Rule 651C, which would mean it needs to go back for further post-conviction proceedings. I'd like to briefly touch on the sort of like larger reasonable assistance error in this case, which is that we have a case here where counsel not only didn't show that he consulted, didn't file a certificate, didn't make amendments, counsel actually told the trial court that Mr. Wallace's claims were without merit. He said this repeatedly, and he never explained how or why he reached that conclusion. If it was because he did some sort of factual development that he didn't tell anyone about, if it's because he thought the law went a different way, we just have no idea how he came to this conclusion. And we also know that Mr. Wallace, in one of his letters back to counsel, raised additional claims, though we don't even know what those claims are because the petition was not amended to include those claims. We just have counsel saying, I got a letter that raises some new issues. And we have counsel telling the trial court there is no merit to this petition, but then going through the motions of defending the petition, the only time for this client is actually there. Well, counsel is not required to amend if it comes to the conclusion that the arguments are without merit, is he? That's absolutely right. And there was a time, I think before 2004, where it was unclear what post-conviction attorneys should do when they were faced with a petition that after factual development and legal research they truly felt had no merit. But in Greer, in 2004, the Supreme Court made it very clear that you are absolutely allowed to withdraw from a petition. And when you withdraw from a petition, you explain why it is that you can't bring these claims before the court. And that does a lot of things. It allows the trial attorney to avoid getting into an ethical fog fire where he's representing his client in name alone while telling the court it has no merit behind his back. It allows the trial court to not have to waste time with an attorney going through sort of kangaroo court motions where everyone agrees it has no merit, where you're going to pretend like you're arguing the facts. It allows the petitioner to make his pitch pro se, for like, he says it has no merit, but here's why he's wrong. And that's the right way to do this. If you feel that this is truly a meritless petition, you file your 651C certificate, which is still required, even if you withdraw due to lack of merit. And you give the reasons why you're not amending it, even though you recognize that unamended, it will not pass legal muster at the second stage. Now, the state cited to the Pace case from the Fourth District, 2008 case, where they were dealing with whether or not the trial court should have allowed re-instatement of the petition after it was voluntarily withdrawn. And there the court was just dealing with whether or not it's appropriate for the trial, for the post-submission counsel to give his client the advice to withdraw due to lack of merit. And the court said in the course, well, you can stand on the petition or you can move to withdraw under Greer. Now, I think when the court said you could stand on the petition, that is no longer good law. It was not holding in the Pace case. It cited to a 1975 case, which clearly predates Greer for support. And in Short Ridge, which came from the same district, the Fourth District, but in 2012, the court made it very clear that when you have counsel telling the trial court this petition has no merit, but then continuing to represent it, you have a big problem, because that's representation in name alone. And the Supreme Court has been very clear that when the Post-Conviction Hearing Act says you have the right to an attorney, that means reasonable assistance. And it's not an empty formality. We want there to be, you talk to the person. You see if there's any way you can shape the claim. I would just ask this court to affirm Short Ridge, reject the dicta from Pace, and recognize that even in a case like this, where the petition has a stance now, it may not look like it has merit. It may look like it suffers from waiver, although we've gone through in our briefs the potential merit for there being a conflict issue in this case during the plea proceedings. But let Mr. Wallace have an attorney who actually goes to the steps of speaking with him about all of the claims that he's raising, including ones about entry of the guilty plea. Let him have an attorney who at least files a 631C certificate, so that this court can feel comfortable in believing that counsel did what he needed to do before making the decision that there was no merit. And I also think, although this court does not need to say that you must withdraw on a meritless petition, that is the right law. After Greer and after Cooner, I don't think there's any room for continuing to represent a meritless petition. Thank you, counsel. The court will take this matter under advisement and issue a decision in due course. We'll stand in recess until the 11 o'clock case.